IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re:<br><br>SAND SPRING CAPITAL III, LLC, et al.,[1]<br><br>Debtors. | CHAPTER 11<br><br>Case No. 11-13393 (BLS)<br>(Jointly Administered)<br><br>(Pending in the United States Bankruptcy Court for the District of Delaware) |
| FIRE & POLICE PENSION FUND, SAN ANTONIO<br>Plaintiff<br><br>v.<br><br>CANTOR FITZGERALD & CO., COMMONWEALTH ADVISORS, INC., and WALTER MORALES,<br>Defendants. | Adversary Proceeding No. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable), are CA Core Fixed Income Fund, LLC (7053) (Case No. 11-13394 (BLS)); CA Core Fixed Income Offshore Fund, Ltd. a/k/a CA Core Fixed Income Fund, Ltd. (N/A) (Case No. 11-13396 (BLS)); CA High Yield Fund, LLC (7155) (Case No. 11-13397 (BLS)); CA High Yield Offshore Fund, Ltd. a/k/a CA High Yield Fund, Ltd. (N/A) (Case No. 11-13400 (BLS)); CA Strategic Equity Fund, LLC (7141) (Case No. 11-13401 (BLS)); CA Strategic Equity Offshore Fund, Ltd. (N/A) (Case No. 11-13402 (BLS)); Sand Spring Capital III, LLC (9691) (Case No. 11-13393 (BLS)); San Spring Capital III, Ltd. (N/A) (Case No. 11-13403 (BLS)); and Sand Spring Capital III Master Fund, LLC (4004) (Case No. 11-13404 (BLS)). The address for each of the Debtors is 315 Third Street, Baton Rouge, Louisiana 70801.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334(b) & (e), 28 U.S.C. §1452(a), Federal Rule of Bankruptcy Procedure 9027(a), and Local Rule 9027 of the United States Bankruptcy Court for the Western District of Texas, Defendant CANTOR FITZGERALD & CO. ("Cantor"), by and through its undersigned attorneys, removes to this Court the action described in paragraph 1 below. Cantor respectfully reserves its right to seek adjudication of this matter by an Article III court, to seek a jury trial in an Article III court, and to move to withdraw the reference with respect to this action.

## THE REMOVED CASE

1. The removed case was filed by Fire & Police Pension Fund, San Antonio ("Plaintiff"), on or about October 8, 2012, in the 288th Judicial District Court, Bexar County, Texas, styled *Fire & Police Pension Fund, San Antonio v. Cantor Fitzgerald & Co., Commonwealth Advisors, Inc., and Walter Morales*, Cause No. 2012-CI-16513 ("State Court Action").

## THE NOTICE OF REMOVAL IS TIMELY FILED

2. The Notice of Removal is timely filed. The Petition in the State Court Action was served on Cantor on October 17, 2012.[2] The Petition was served on Defendants Commonwealth Advisors, Inc. ("Commonwealth") and Walter Morales on October 16, 2012.

## PAPERS FROM REMOVED ACTION

3. As required by 28 U.S.C. § 1446(a), Federal Rule of Bankruptcy Procedure 9027(a)(1), and Local Bankruptcy Rule 9027(b), attached as Exhibit 3 hereto are copies of the docket sheet and all process, pleadings, orders, and writs filed in the state court in the removed

---

[2] An incomplete copy of the Petition was served on Cantor on October 16, 2012. A complete copy was served on Cantor on October 17, 2012.

case.

## THE CONSENT REQUIREMENT IS SATISFIED

4. All Defendants consent to removal. The Consent to Removal of Defendants Commonwealth and Walter Morales is attached hereto as Exhibit 1.

## VENUE

5. Venue in the Western District of Texas, San Antonio Division, is proper under 28 U.S.C. § 1441(a) and Federal Rule of Bankruptcy Procedure 9027(a)(1) because the State Court Action was filed in this district and division.

## NOTICE TO ADVERSE PARTY AND STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Court for the 288th Judicial District Court, Bexar County, Texas. Attached as Exhibit 2 hereto is a copy of the "Notice of Filing Notice of Removal," along with the accompanying Certificate of Service, which Cantor will serve on Plaintiff and file in the state court together with a copy of this Notice of Removal.

## BASES FOR FEDERAL SUBJECT MATTER JURISDICTION

7. There is original federal jurisdiction over this action under 28 U.S.C. § 1334 for two reasons: (1) this action is related to a case under title 11, *see* 28 U.S.C. § 1334(b) and (2) it asserts claims that are the property of a bankruptcy estate, *see* 28 U.S.C. § 1334(e). This action may be removed to this Court under 28 U.S.C. § 1452(a) and Local Bankruptcy Rule 9027.[3]

---

[3] Under Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. § 1441(a), the Notice of Removal must be filed in this Court, because the State Court Action was filed in this district and division. Following removal, Cantor will seek to transfer this action or seek other appropriate relief.

8. Federal courts have "related to" subject matter jurisdiction over actions relating to a bankruptcy case if the "proceeding could conceivably affect the estate being administered in bankruptcy." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007). "Related to" jurisdiction includes any litigation where the "outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.*

9. This action is "related to [a] case[] under title 11." 28 U.S.C. § 1334(b). Plaintiff alleges that it invested in the CA Core Fixed Income Fund ("CA Core Fund") managed by Commonwealth. Petition ¶ 1.3. Plaintiff alleges that the CA Core Fund and other CA Funds purchased tranches of a collateralized debt obligation known as Collybus that was underwritten by Cantor. *E.g., id.* ¶¶ 1.20, 1.29, 1.33. Plaintiff alleges that Commonwealth and Mr. Morales made misrepresentations about the CA Core Fund and that, by virtue of its involvement in the CA Funds' purchases of Collybus notes, Cantor aided and abetted those alleged misrepresentations. *E.g., id.* ¶¶ 11.18-11.20.

10. On October 25, 2011, the CA Core Fund (and several other CA Funds) (collectively, the "CA Funds") filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, *In re Sand Spring Capital III, LLC, et al.*, Case No. 11-13393 (BLS) ("CA Funds Bankruptcy"). The CA Funds Bankruptcy is pending before United States Bankruptcy Judge Brendan L. Shannon.

11. The outcome of this litigation could alter the debtor CA Funds' rights and liabilities and influence the administration of the bankruptcy estate. Pursuant to a Settlement Agreement containing certain indemnification provisions for the benefit of Cantor, several of the debtor CA Funds owe Cantor indemnification for any and all losses, claims, damages, liabilities,

4

and expenses, including attorneys' fees, that arise out of, relate to, or are in connection with the CA Funds' purchase and subsequent financing of the Collybus notes. Cantor seeks indemnification from several of the debtor CA Funds for the costs and expenses incurred by Cantor to defend this action and any potential judgment against Cantor in this action.

12. Cantor has asserted its right to indemnification in the CA Fund Bankruptcy, where Cantor is a creditor of the debtor CA Funds and is participating in ongoing proceedings to estimate its indemnification claims against several of the debtor CA Funds. Cantor filed proofs of claim in the CA Fund Bankruptcy proceeding with respect to its indemnification claims on September 24, 2012. The proof of claim filed by Cantor against the CA Core Fund is appended hereto as Exhibit 4. The proofs of claim filed by Cantor against other debtor CA Funds assert identical claims.[4]

13. The proofs of claim filed by Cantor against several debtor CA Funds encompass Cantor's indemnification claim arising from this action. They seek indemnification for Cantor's attorneys' fees and expenses, and any potential judgments against Cantor, in connection with all pending and future litigation relating to or arising from the Collybus transactions. *E.g.*, Ex. 4, Annex to Proof of Claim ("Claimant is entitled to indemnification for all of Claimant's attorney's fees and other expenses incurred to date or in the future in the Collybus Litigation and any future related litigation, and for any potential judgment against Claimant in the Collybus Litigation and any future related litigation."). Because Cantor seeks indemnification from several debtor CA Funds arising from this action, this Court has "related to" original jurisdiction over this action under 28 U.S.C. § 1334(b). *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("This circuit has already

---

[4] In an effort to avoid duplication, Cantor has attached one of several virtually-identical proofs of claim as an exhibit to this Notice.

ruled, moreover, that contractual indemnification rights may give rise to 'related to' jurisdiction."); *In re Stonebridge Techs., Inc.*, 430 F.3d 260, 266 (5th Cir. 2005) (per curiam) (debtor's letter of credit obligation triggered "related to" jurisdiction in dispute between non-bankrupt third parties).

14. In addition, this action may be removed pursuant to 28 U.S.C. § 1452(a) because Plaintiff asserts claims against Cantor that are the property of the CA Funds' bankruptcy estate.

15. The property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). It includes "all kinds of property, including tangible or intangible property [and] causes of action." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983) (quotation omitted).

16. "The bankruptcy estate includes all legal claims owned by [the] corporate debtor, including derivative actions." *In re Gen. Dev. Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995); *accord In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253-54 (5th Cir. 1986) ("If an action belongs to the corporation . . ., then the action becomes property of the estate once the bankruptcy petition is filed.").

17. Plaintiff seeks to assert claims against Cantor that are derivative claims. Plaintiff asserts claims against Cantor arising from alleged losses suffered by the CA Core Fund as a result of the CA Core Fund's purchases of Collybus notes. Plaintiff alleges that Cantor engaged in transactions with the CA Funds with respect to Collybus that caused alleged injury to the CA Fund. For example, Plaintiff alleges that, in June 2008, when it was a shareholder in the CA Core Fund, the CA Funds purchased the A-2 tranche of Collybus, which allegedly caused injury to the CA Funds, including the CA Core Fund. *See, e.g.*, Petition ¶¶ 8.97, 8.110, 8.114, 8.115, 9.11-9.12 (alleging that the CA Funds suffered losses as a result of the purchase of the Collybus

A-2 tranche). Claims arising from alleged injury to the CA Funds are derivative claims that are the property of the CA Funds' bankruptcy estate.

18. To the extent Plaintiff alleges that it continued to hold shares in the CA Core Fund as a result of alleged misrepresentations about the performance of the CA Core Fund, and suffered alleged injury because the value of the CA Core Fund declined, *e.g.*, Petition ¶¶ 1.3, 11.52, 11.57-11.59, that claim also is a derivative claim that is the property of the bankruptcy estate. *See Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 385 (5th Cir. 2005) ("holder" claims are derivative; "[T]he misconduct alleged by Smith did not injure Smith or any other shareholders directly, but instead only injured them indirectly as a result of their ownership of Waste Management shares."); *see also In re Enron Corporation*, No. H-03-682, 2005 WL 2230169, at *3 (S.D. Tex. Sept. 12, 2005) (following *Smith*; "holder" claims are derivative claims) (collecting cases).

19. There is a pending action against Cantor and other defendants in the U.S. District Court for the Middle District of Louisiana that asserts derivative claims arising from the CA Funds' purchases of Collybus notes and alleged harm suffered by the CA Funds as a result of the Collybus transactions. That action, captioned *Broyles, et al. v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-cv-00857-JJB-SCR, arises from the same underlying transactions as the instant action and seeks damages and other relief on behalf of the CA Core Fund (and other CA Funds) arising from the Collybus transactions. That action has been stayed pursuant to the automatic bankruptcy stay.

20. A second action, captioned *Broyles v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-cv-00854-JJB-SCR, also is pending in the U.S. District Court for the Middle District of Louisiana. That action arises from the same transactions involving the CA Funds as

7

the instant action and asserts claims against Cantor based on alleged harm suffered by the CA Core Fund (and other CA Funds) as a result of the Collybus transactions. Cantor has filed a motion to dismiss that action with prejudice on the ground that, *inter alia*, it asserts derivative claims against Cantor that are the property of the CA Funds' bankruptcy estate.[5]

21. Because this action asserts claims that are the property of the CA Funds' bankruptcy estate, *see* 28 U.S.C. § 1334(e), the action may be removed under 28 U.S.C. § 1452(a). In addition, this action is removable under 28 U.S.C. § 1452(a) because it "could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d at 298. Plaintiff's assertion of derivative claims that are the property of the CA Funds' bankruptcy estate interferes, *inter alia*, with the bankruptcy estate's rights and its ability to address its claims in the pending bankruptcy proceeding. It also affects the administration of the bankruptcy estate. *See, e.g.*, *Stonebridge*, 430 F.3d at 266 ("The Lease is property of the bankruptcy estate in this case and, therefore, any breach of the Lease has an effect on the estate.").

22. Upon removal, litigation of the State Court Action is a non-core proceeding under 28 U.S.C. § 157(b). To the extent Plaintiff contends that the State Court Action does not assert derivative claims that are the property of the CA Funds' bankruptcy estate, the resolution of that question would be a core proceeding. Cantor does not consent to the entry of final orders and judgments by this Court. Cantor respectfully reserves its right to move to withdraw the reference

---

[5] Because the State Court Action asserts claims that are duplicative of derivative claims asserted in *Broyles, et al. v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-cv-00857-JJB-SCR, and because Cantor has a pending motion to dismiss *Broyles v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-cv-00854-JJB-SCR, on the ground that it asserts derivative claims that are the property of the CA Funds' bankruptcy estate, Cantor intends to seek a transfer of this action to the U.S. District Court for the Middle District of Louisiana in the interest of judicial economy and to avoid duplicative proceedings in multiple courts.

with respect to this action and to seek adjudication of this matter and a jury trial in an Article III Court.

WHEREFORE, Cantor hereby removes the above-captioned action from the 288th Judicial District Court, Bexar County, Texas, and requests that all further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 (FAX)

By: /s/Patrick L. Huffstickler
    Patrick L. Huffstickler
    State Bar No. 10199250
    Meghan E. Bishop
    State Bar No. 24055176
    Jane E. Bockus
    State Bar No. 02541700
    Mark J. Barrera
    State Bar. No. 24050258

*Of counsel:*

**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas
R. Hackney Wiegmann
Marcie R. Ziegler
James H. Weingarten
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: hwiegmann@wc.com
mziegler@wc.com

**ATTORNEYS FOR DEFENDANT CANTOR FITZGERALD & CO.**

Dated: November 12, 2012

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to all counsel and parties of record, listed below, by first class mail, postage prepaid, and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system on this 12th day of November 2012.

Joanne M. Cicala, Esq.
Kathryn Allen, Esq.
KIRBY MCINERNEY LLP
101 S. College St.
Dripping Springs, TX 78620
*Attorneys for Plaintiff*

Ira M. Press, Esq.
Edward Varga, Esq.
KIRBY MCINERNEY LLP
825 Third Ave.
New York, NY 10022
*Attorneys for Plaintiff*

Frederick R. Tulley, Esq.
TAYLOR PORTER BROOKS & PHILLIPS, L.L.P.
8th Floor - Chase Tower South
451 Florida Street
Baton Rouge, LA 70801
*Attorney for Defendants Commonwealth
and Walter Morales*

                                             */s/*Patrick L. Huffstickler